**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JORGE RODRIGUEZ, 1406778,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-621-O** |
| | ) | **ECF** |
| **OFFICER P. KING,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. He is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendant is police officer P. King.

**II. Background**

Plaintiff states he failed to pay a restaurant bill, and attempted to leave the premises. He was driving his car out of a parking lot when Officer King jumped in front of his car and drew his gun. Plaintiff states he failed to see Officer King, and Officer King then shot Plaintiff through the car windshield, hitting Plaintiff in the chest. Plaintiff states Officer King fired his gun a second time, and the bullet entered Plaintiff's driver side window and hit him in the back

shoulder area.  Plaintiff argues Officer King violated his civil rights by using excessive force

against him.  Plaintiff was convicted of aggravated assault against Officer King and was

sentenced to three years imprisonment.

**III.  Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A

complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**IV. Discussion**

Plaintiff seeks damages against Officer King for excessive force. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff's claim for damages would necessarily imply the invalidity of his aggravated assault conviction. Plaintiff argues that he did nothing wrong and did not see Officer King in front of his car. Plaintiff's claim "squarely challenges the factual determination that underlies his conviction" for aggravated assault. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

Plaintiff, however, has not shown that his conviction has been reversed, expunged, or otherwise invalidated. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

## RECOMMENDATION

The Court recommends that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice until the *Heck* conditions are met.

Signed this 24th day of October, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).